```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

AVN CORPORATION,

       Plaintiff,

v.                               Civil Action No. 2:23-CV-00149

RESEARCH TECHNOLOGIES, LLC
And RODMAN EGGEN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is "Defendant's Motion for Leave to File Certain Exhibits Under Seal" (ECF No. 71), filed on February 18, 2025, by Research Technologies ("RT") and Rodman Eggen.

The motion seeks to seal Exhibits T, U, V, AA, BB, CC, and DD on the grounds that the exhibits are of a "confidential and proprietary nature" containing "confidential research and communications that are part of the underlying contractual dispute between the parties." ECF No. 72.

### I. LEGAL STANDARD

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Virginia Dept. of

State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).  Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).

With regard to the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000)(quoting In re Knight Publishing Company, 743 F.2d 231, 235 (4th Cir. 1984)).  "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'"  Virginia Dept. of State Police, 386 F.3d at 575 (quoting Stone v. University of Maryland Medical System Corporation, 855 F.2d 178, 180 (4th Cir. 1988)).  "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'"  Id.

Notably, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" Virginia Dept. of State Police, 386 F.3d at 576 (quoting Stone, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018)(quoting Knight, 743 F.2d at 235).

## II. ANALYSIS

Defendants have not made the necessary showing to obtain a sealing order as to Exhibits T, U, V, CC, and DD. Exhibit T concerns documents related to the annual meetings of the members of RT, which simply reveal the dates of the meetings and the attendance of the members. Similarly, Exhibits U and V merely show communications between the parties regarding the intended work RT was seeking. Exhibits CC and DD, which contain short excerpts of deposition transcripts, simply discuss the opinions of the parties regarding the work being conducted. The court sees no unusual circumstances presented in Exhibits T, U, V, CC, and DD that warrant sealing.

The court observes that Exhibits AA and BB both concern communications regarding the confidential research at issue in the case.  For reasons appearing to the court, the court considers such communications about specific research steps and results as warranting sealing.

### III. CONCLUSION

It is ORDERED that Defendant's Motion for Leave to File Certain Exhibits Under Seal be, and it hereby is, granted to the extent that Exhibits AA and BB are ordered to be sealed.  The Clerk is directed to file Exhibits AA and BB under seal until further order of the court.

With respect to Exhibits T, U, V, CC, and DD the court will direct that those exhibits be unsealed by the Clerk and spread on the public record, except to the extent one or more of those exhibits is the subject of further support for the sealing request on or before May 29, 2025, in which latter event the court will reconsider sealing.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 19, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge